```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

AMBER CAMILLE BAURES,

    Plaintiff,

v.                                    Case No. 8:23-cv-988-VMC-NHA

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## ORDER

This matter comes before the Court upon consideration of Plaintiff's Amended and Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. # 51), filed on July 14, 2025. Plaintiff is seeking an award of attorney's fees in the amount of $17,068.65. For the reasons that follow, the Motion is granted.

**A.**    **Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, unless the Court determines that the position of the United States was substantially justified or that special

1

circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

1. **Prevailing Party**

The judgment in this case reversed the decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 44, 45). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

2. **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final

judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here. This case was remanded upon order of this Court on March 26, 2025. (Doc. # 44). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days to file an appeal. The judgment therefore became final as of May 26, 2025, and the request for attorney's fees was first filed prior to the expiration of the 30-day deadline of June 25, 2025. See (Doc. # 46). Thus, the application is timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents to the Court that Plaintiff's net worth was less than $2 million at the time this action was filed (Doc. # 51 at 2), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not

3

dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

5. **No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

B.  **Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $17,068.65 in attorney's fees, representing 33.10 hours at an hourly rate of $243.13, 34 hours at an hourly rate of $250.32, and 2 hours at an hourly rate of $255.15.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

The Court determines that the requested hourly rate is appropriate. The Commissioner does not oppose Plaintiff's proposed hourly rate. Thus, the Court will adopt the proposed hourly rate. The Court also determines that 69.10 hours of attorney time is reasonable in this case.

Upon review of the Motion, fee statement, and counsel's affidavit, the Court agrees that $17,068.65 is a reasonable award of attorney's fees under the circumstances of this case.

C.  **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney. Plaintiff here assigned her rights to EAJA fees to her attorney. (Doc. # 51 at 4, 14). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Amended and Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. # 51) is **GRANTED**.

(2) Plaintiff is awarded $17,068.65 in attorney's fees. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees.

(3) The Clerk is directed to enter an amended judgment accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of July, 2025.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE